**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



_____
Mary Ann Whipple
United States Bankruptcy Judge
(Successor Judge Docket)

**Dated:  March 14 2014**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **In Re:** | ) | **Case No. 13-32189** |
| | ) | |
| Holly Ann Pool, | ) | **Chapter 7** |
| | ) | |
| **Debtor(s).** | ) | |
| | ) | **SUCCESSOR JUDGE** |

## MEMORANDUM OF DECISION RE: MOTION TO REOPEN

This case is before the court on Debtor's Motion to Reopen this Chapter 7 case ("Motion") for the purpose of filing an amendment to schedules to add an additional creditor, and to request an extension of time until February 28, 2014 to pay the $260.00 filing fee. [Doc. # 47]. Debtor is representing herself pro se. A hearing on the Motion was held on February 20, 2014.  The hearing, initially scheduled for 9:30 a.m., was delayed as a result of Debtor's phone call to the court in advance of her hearing that morning.  Debtor stated that her car slid off the road, and due to the snowy conditions, she was waiting for a tow truck to assist her in getting out of the ditch.  The court instructed Debtor that it would hold the hearing anytime during business hours that day, but it would not push the hearing to a later date due to Debtor's history of missed hearings.  The court waited until 4:50 p.m. to hold the hearing. William Swope, the attorney for Creditor Julie Alford (Debtor's landlord), appeared by phone.  No appearance was made by the Debtor. [Doc. # 50] For the reasons that follow, Debtor's Motion  will be **DENIED**.

### FACTUAL BACKGROUND

Debtor filed for Chapter 7 relief on May 23, 2013. [Doc. # 1].  On November 9, 2013, Debtor filed

a Motion to Amend Schedules to Add an Additional Creditor. In that motion, albeit probably unnecessary, *see* Fed. R. Bank.R. 1009(a), Debtor requested leave in her Chapter 7 case to amend certain schedules and add an additional creditor. The specific creditor was not named, but Debtor stated that the debt owed was in the amount of $3,700. [Doc. # 39]. The court granted the motion on December 10, giving Debtor until December 23 to file the proposed Amendment to Schedules. [Doc. # 40]. The deadline passed without Debtor filing any amended schedules, and on January 2, 2014, the Order of Discharge was entered [Doc. # 44], and the case was closed on January 7. [Doc. # 46].

On January 23, Debtor filed the current Motion, seeking to reopen the case to amend the schedules, allege a discharge violation, and request a waiver of the filing fee. In the Motion, Debtor claims that she missed the December 23, 2013, deadline due to an emergency medical procedure. She also states that the debt related to the request to amend Schedule F is in the amount of $2,800. [Doc. # 47]. The court notes that on October 15 and November 6, 2013, Debtor filed Motions to Continue Hearings on a reaffirmation agreement, claiming in each motion that a prior surgery prevented her from driving, "per doctor's orders." [Doc. ## 32, 35]. No evidence has been submitted to the court in support of her claims regarding any medical procedure or surgery.

<u>LAW AND ANALYSIS</u>

Debtor states that she seeks to reopen her Chapter 7 case in order to amend Schedule F and to allege a discharge violation against a creditor already listed in Schedule F. Debtor also seeks to waive the filing fee to reopen her case. Section 350 of the Bankruptcy Code provides that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). A decision to reopen a case is committed to the sound discretion of the court. *In re Kapsin*, 265 B.R. 778, 780 (Bankr. N.D. Ohio 2001). Reopening a case is a ministerial act which "lacks independent legal significance and determines nothing with respect to the merits of the case." *Cusano v. Klein,* 264 F.3d 936, 948 (9th Cir. 2001). However, there must be some potential relief that is available to a movant in a reopened case. Otherwise, reopening a case is pointless and the Motion should be denied.

The stated purpose behind Debtor's Motion to reopen and amend Schedule F is to add a creditor who is threatening to garnish Debtor's wages. The debt was incurred in February 2013, roughly three months before Debtor's Chapter 7 filing on May 23. [Doc. # 47]. The case will not be reopened for the purpose of granting leave to amend her schedules to add this creditor. It is unnecessary to reopen this case for that purpose because the court cannot presently accord any relief to the Debtor if it does so.

The Chapter 7 Trustee filed a no asset report in this case on September 19, 2013, and did not

2

administer any assets. [Doc. # 29]. Creditors who received notice of the commencement of the case were instructed not to file claims, and there was never a claims bar date set. Because the Chapter 7 case involved no assets, if (i) the previously unscheduled debt was incurred prior to the commencement of Debtor's Chapter 7 case on May 23, 2013, as Debtor asserts, and (ii) it is not of the type described in 11 U.S.C. § 523(a)(2), (4), or (6) (*i.e.* debts incurred by means of fraud, embezzlement or malicious conduct) and is otherwise dischargeable under § 523, then the debt owed to this creditor was discharged whether they were listed on Schedule F by Debtor or not. *See* 11 U.S.C. § 523(a)(3); *Zirnhelt v. Madaj (In re Madaj)*, 149 F.3d 467, 472 (6th Cir. 1998).

Amending Schedule F nine months later has no effect on dischargeability and discharge of this creditor one way or another and is, therefore, unnecessary, notwithstanding the lack of original notice to the creditor. *Id.* at 468. There is no relief available to the Debtor by allowing her to amend her schedules now, and the case will not be reopened for that purpose. If this debt was incurred pre-petition, as Debtor claims, then it will have been discharged by statute unless it was of a type that falls within the dischargeability exceptions of 11 U.S.C. § 523(a)(2), (4) or (6) or is otherwise nondischargeable. As other courts have noted, reopening of a case merely to schedule a debt is for all practical purposes a useless act. *See In re Clark,* 465 B.R. 556, 559 (Bankr. D. Idaho 2011).

Debtor wishes to reopen her Chapter 7 case in part to allege a discharge violation by a creditor who is currently proceeding with collections. Debtor states that the creditor is listed in her petition's Schedule F, but the Debtor does not specifically name the creditor. [Doc. # 47]. When a Chapter 7 debtor meets her obligations under the code, she is discharged from all debts that arose before she filed her bankruptcy petition. *See* 11 U.S.C. § 727(b). This discharge operates as an injunction to prevent a creditor from continuing an act to collect a debt that was discharged as a personal liability of the debtor. 11 U.S.C. § 524(a)(2). A bankruptcy court may choose to reopen a case to hear litigation looking to enforce the discharge injunction, *see, e.g., In re Fluke,* 305 B.R. 635 (Bankr. D. Del.2004 ); *In re Brabham,* 184 B.R. 476 (Bankr. D. S.C. 1995), but it has the discretion not to do so. *See generally In re Apex Oil Co. Inc.,* 406 F.3d 538, 542-43 (8th Cir. 2005) (affirming the denial of a debtor's motion to reopen a closed case as a state court was competent to interpret the scope of the debtor's discharge).

In the present matter, Debtor has not provided this court with a compelling reason as to why her case should be reopened, and the court will not reopen it based on Debtor's allegations. No facts have been provided to the court regarding the nature of the debt or even the name of the creditor. Such a matter should be properly pursued in the form of an adversary proceeding or a contempt motion, which can be commenced

3

after the bankruptcy case has been closed and does not require the unnecessary reopening of the underlying Chapter 7 case. Fed. R. Bankr. P. 4007(b); *Menk v. Lapaglia (In re Menk),* 241 B.R. 896, 904 (9th Cir. BAP 1999). *See also Pertuso v. Ford Motor Credit Co.,* 233 F.3d 417, 421 (6th Cir. 2000).

Finally, Debtor wishes to waive the filing fee for the Motion until February 28, 2014. It is not enough that a party seeking to reopen a closed bankruptcy case files a motion pursuant to 11 U.S.C. § 350(b). The reopening of a bankruptcy case requires payment of a fee, which is currently $260, to cover the administrative costs associated with reopening a Chapter 7 closed file. *See* 28 U.S.C. § 1930(a),(b) (West 1994 & Supp.2002); *In re Harrison*, 206 B.R. 910, 912 (Bankr. E.D. Tenn.1997) ("In addition to the unnecessary expense to the [movant], reopening the case creates needless administrative paperwork.") (citing *In re Humar*, 163 B.R. 296 (Bankr. N.D. Ohio 1993)). The filing fee is a true filing fee, in that it is due upon the filing of a motion to reopen. It is not a reopening fee that is contingent upon the motion being granted. In this instance, Debtor is not requesting a complete waiver of the fee. Rather, she has asked that she be given an extension to pay the fee, as it will allow her to budget it into her expenses. The court will allow the filing fee extension, and the full filing fee for the Motion to Reopen will be due on or before April 11, 2014, at 4:00 p.m.

For the foregoing reasons, the court will deny Debtor's Motion to Reopen. [Doc. # 47]. The court will enter a separate order in accordance with this Memorandum of Decision.

### ###

4